UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID LETTIERI,

Plaintiff,

-against-

U.S. IMMIGRATION CUSTOMS
ENFORCEMENT,

Defendant.

24-CV-5033 (LTS)

ORDER DIRECTING PRISONER
AUTHORIZATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who appears to be incarcerated at Niagra County Jail, brings this action *pro se*.

To proceed with a civil action in this Court, a prisoner must either pay $405.00 in fees – a

$350.00 filing fee plus a $55.00 administrative fee – or, to request permission to proceed without

prepayment of fees, submit a signed *in forma pauperis* (IFP) application and a prisoner

authorization. *See* 28 U.S.C. §§ 1914, 1915.[1]

If the Court grants a prisoner's IFP application, the Prison Litigation Reform Act requires

the Court to collect the $350.00 filing fee in installments deducted from the prisoner's account.[2]

*See* 28 U.S.C. § 1915(b)(1). A prisoner seeking to proceed in this Court without prepayment of

fees must therefore also authorize the Court to withdraw these payments from his account by

filing a "prisoner authorization," which directs the facility where the prisoner is incarcerated to

deduct the $350.00 filing fee from the prisoner's account in installments and to send to this Court

---

[1] In a separate action, Plaintiff was directed to show cause why he is not barred, under 28 U.S.C. § 1915(g), from proceeding *in forma pauperis*, and he has responded to that order. *See Lettieri v. U.S. Immigration and Customs Enforcement*, No. 1:24-CV-2446 (LTS). If Section 1915(g) bars Plaintiff from proceeding IFP, he must prepay the filing fees for any new civil action brought while a prisoner.

[2] The $55.00 administrative fee for filing a civil action does not apply to persons granted IFP status under 28 U.S.C. § 1915.

certified copies of the prisoner's account statements for the past six months. *See* 28 U.S.C. § 1915(a)(2), (b).

Plaintiff submitted an IFP application but did not submit a prisoner authorization. Within thirty days of the date of this order, Plaintiff must either pay the $405.00 in fees or complete and submit the attached prisoner authorization. If Plaintiff submits the prisoner authorization, it should be labeled with docket number 24-CV-5033 (LTS).

No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed without prejudice.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   July 18, 2024
         New York, New York

           /s/ Laura Taylor Swain
              LAURA TAYLOR SWAIN
        Chief United States District Judge